In re the MARRIAGE of Linda Lee KEY and Eugene Paul Key.

Upon the Petition of Linda Lee Key, Appellee,

And Concerning Eugene Paul Key, Appellant.

No. 69421.

Supreme Court of Iowa.

July 20, 1983.

Joseph J. Bitter, Dubuque, for appellant.

Mark S. Beckman of Pfeiler & Pearce Law Offices, Dubuque, for appellee.

Considered by UHLENHOPP, P.J., and HARRIS, McGIVERIN, LARSON, and WOLLE, JJ.

HARRIS, Justice.

Respondent husband has brought this appeal from the refusal of the trial court to modify a dissolution of marriage decree. At issue is custody of the minor son of the parties. Respondent believes a substantial change of circumstances since the decree warrants transferring custody to him. We agree with the trial court that the question is unusually close.

When the marriage between the parties was dissolved April 28, 1978, the wife, Linda, was granted custody of the two children, Eugene Paul Key, Jr., born March 13, 1974, and Catherine Marie Key, born May 14, 1976. Respondent was given and exercised visitation rights.

Both parties had been residents of Dubuque but petitioner soon moved to a city in northwest Iowa, some 200 miles distant. At petitioner's suggestion the parties negotiated for the change of custody of their son from petitioner to respondent. Such a change physically took place about a year later when petitioner moved back to Dubuque to live with her father. In 1979 the husband retained a Dubuque lawyer to draft a permanent modification decree which would provide for respondent to have custody of the son and the wife to retain custody of the daughter. The document was prepared; the wife went to the attorney's office and actually signed a paper transferring custody.

For reasons unknown no papers were filed in court. No decree of modification was ever ordered by a judge so legal custody of both children remained with the petitioner.

In 1980 the husband moved to Connecticut to take another job. Until that time both parties freely exercised visitation rights and cooperated with one another so that each parent had a full opportunity to visit with the child in the custody of the other. The move to Connecticut was approved by petitioner.

In April of 1982 the petitioner went to Connecticut unannounced and spirited Gene Key, Jr., from a school bus and returned him to Dubuque. Respondent promptly came back to Dubuque and began these proceedings.

Both parties have remarried and both would provide a suitable and adequate home for the son. The only evidence of a flaw in the parenting abilities of either party relates to the petitioner. Her act in seizing the son in Connecticut without warning and without notice shows an insensitive, calloused, and selfish disregard for his feelings and welfare. Notwithstanding the fact that his legal custody remained with her, she had fully cooperated in a *de facto* change of custody. It may have been the publication of our opinion in *In Re Marriage of Day,* 314 N.W.2d 416, 420–21 (Iowa 1982), that prompted petitioner to

believe that the summary seizure of her son would be accepted and endorsed with little more than a condemnation. This would be a misreading of our holding in *Day.* Petitioner's conduct in the seizure militates strongly against her claim of custody.

Weighing in favor of the trial court's ruling, as it pointed out, is the presence in petitioner's home of the parties' second child. At the time of the hearing in district court the brother and sister had reestablished a close sibling relationship. Ordinarily a court endeavors to keep children of broken homes together. *In Re Marriage of Jones,* 309 N.W.2d 457, 461 (Iowa 1981).

After thoroughly reviewing the record we agree with the determination of the trial court.

AFFIRMED.